# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BILLIE BOWERS, JR., and<br>MARY ANN BOWERS, | )<br>)<br>) | |
| Plaintiffs, | )<br>)<br>) | |
| v. | )<br>) | 1:17CV825 |
| | )<br>) | |
| STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY and<br>BRYAN TORRES, | )<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge for a recommendation on Defendant State Farm Mutual Automobile Insurance Company's "Motion to Dismiss Defendant Bryan Torres as a Nominal Party" (Docket Entry 11) (the "Motion"). Plaintiff filed no response to the Motion. (See Docket Entries dated Sep. 22, 2017, to present.)[1] For the reasons that follow, the Court should grant the Motion.

---

[1] By local rule, "[i]f a respondent fails to file a response within the time required . . ., the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." M.D.N.C. LR 7.3(k). However, the United States Court of Appeals for the Fourth Circuit requires substantive review of even unopposed motions to dismiss. See Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411, 416 n.3 (4th Cir. 2014) ("Even though [the plaintiffs] did not challenge the motions to dismiss, we note that the district court nevertheless has an obligation to review the motions to ensure that dismissal is proper.").

## BACKGROUND

Billie Bowers, Jr., and Mary Ann Bowers (the "Plaintiffs"), initiated a lawsuit in Cabarrus County Superior Court against Defendants State Farm Mutual Automobile Insurance ("State Farm") and Bryan Torres. (See Docket Entry 1-1 at 5.)[2] Plaintiffs allege that Mr. Torres drove negligently and injured Mr. Bowers in an automobile accident. (Id., ¶¶ 11-13.) Mr. Torres's insurance carrier "tendered Mr. Torres'[s] policy limit," and Mr. Bowers thereafter "agreed to a Covenant not to Enforce Judgement against Mr. Torres and his insurance carrier, Geico." (Id., ¶¶ 14-15; see also Docket Entry 1-2 (the "Covenant not to Enforce").) "However, the amount represented by the policy limit of the Geico policy is not sufficient to compensate [Mr. Bowers] for his personal injury caused by the collision. In this respect, Mr. Torres is an underinsured motorist." (Docket Entry 1-1, ¶ 16.) Mr. Bowers possessed underinsured motorist's coverage through State Farm and "made a timely demand [for payment of benefits] upon [it]," which State Farm refused. (Id., ¶¶ 18-22.) Plaintiffs then commenced this action, in which Mr. Bowers alleges negligence as to Mr. Torres, and alleges bad faith, breach of covenant of good faith and fair dealing, and breach of contract as to State Farm. (See id. at

---

[2] Citations to Docket Entry pages utilize the CM/ECF footer's pagination.

¶¶ 24-50.) Mrs. Bowers also asserts a claim for loss of consortium against Mr. Torres. (Id. at ¶¶ 51-52.)

Plaintiffs and Mr. Torres qualify as North Carolina citizens, and State Farm constitutes an Illinois corporation. (See Docket Entry 1 at ¶¶ 5, 8.) State Farm removed the case to this Court on the basis of diversity jurisdiction (see generally id.), and now moves to dismiss Mr. Torres as a nominal party whose presence does not defeat complete diversity (see Docket Entry 11 at 1). State Farm argues that Mr. Torres "has no financial stake in this lawsuit since Mr. Bowers entered into a covenant not to enforce any judgment in excess of Torres'[s] previously tendered insurance policy limits." (Docket Entry 14 at 1.)

## DISCUSSION

State Farm argues that "Torres should be dismissed as a nominal party under Rule 21 [of the Federal Rules of Civil Procedure]." (Id.) As an initial matter, "[t]he proper inquiry for dropping a party under Rule 21, however, is not whether the party is nominal but whether the party is dispensable." Rouse v. State Farm Mut. Auto. Ins. Co., No. 1:14-CV-690, 2015 WL 3849648, at *4 (M.D.N.C. June 22, 2015). "[State Farm's] argument therefore conflates two issues: (1) whether [Mr. Torres] should be dropped under Rule 21 and (2) whether [Mr. Torres] is a nominal party." Id.

## **I. Whether Mr. Torres Is a Nominal Party**

For purposes of diversity jurisdiction, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460-61 (1980). "Nominal means simply a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal. In other words, the key inquiry is whether the suit can be resolved without affecting the . . . nominal defendant in any reasonably foreseeable way." Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 260 (4th Cir. 2013). "Determining nominal party status is a practical inquiry, focused on the particular facts and circumstances of a case . . . ." Id. "Courts have looked to numerous factors in deciding whether someone is a real party in interest," such as "the level of control that the party retains over the litigation[,] . . . the weightiness of the party's interest in the litigation[,] . . . whether the party has retained counsel[,] . . . [and] whether the party has given a statement or deposition." Owens v. Overstreet, Civil Action No. 1:10-00784, 2010 WL 4721709, at *3 (S.D.W. Va. Nov. 15, 2010). "To determine the significance of the [party's] interest [in the litigation], a court will often consider the likelihood that the party will incur financial liability as a result of later proceedings." Id.

The facts in Owens appear similar to those in this case.  In Owens, the plaintiff alleged that the defendant injured him in an automobile accident.  See id. at *1.  After the accident, "[the p]laintiff and [the d]efendant entered into a settlement agreement, under which [the d]efendant's insurance company . . . agreed to pay [the p]laintiff . . . the policy limit . . . .  [The p]laintiff promised . . . not to enforce any court-ordered judgment against [the d]efendant that [the p]laintiff might obtain at a future time."  Id.  The plaintiff then sued the defendant, as well as the plaintiff's employer's insurance carrier, seeking underinsured motorist insurance payments.  Id.  The Owens court found that the defendant constituted a nominal party, as

> [the d]efendant's level of control over the litigation appears to be minimal.  The parties have submitted no evidence to suggest that [the d]efendant has made any appearances in the proceedings, or that [the d]efendant plans to make any in the future.  Furthermore, [the d]efendant has neither made a statement nor given a deposition.  The [the d]efendant's counsel is also the same as counsel for [the insurance company].  This suggests that [the d]efendant does not plan to retain a significant amount of individual control and latitude over litigation strategy . . . .

Id. at *3.  Finally, and "[p]erhaps most importantly, [the d]efendant d[id] not face any financial liability in this lawsuit because of the settlement agreement . . . ."  Id. at *3.

Here, Mr. Bowers and Mr. Torres entered into the Covenant not to Enforce, in which Mr. Bowers promised that he would "not take action to enforce [a] Judgment against [Mr. Torres], individually,

-5-

for any amount over and above the applicable underinsured motorist insurance coverage in force." (Docket Entry 1-2 at 1.) Mr. Torres therefore does not face financial liability to Mr. Bowers as a result of this litigation. In addition, Mr. Torres appears to possess a minimal level of control, as he has neither retained counsel nor given a statement or deposition. (See Docket Entries dated Sep. 15, 2017, to present.) He has also failed to serve an answer on Plaintiffs. (See Docket Entries dated Sep. 25, 2017, to present.) Accordingly, Mr. Torres constitutes a nominal party, at least with respect to Mr. Bowers.

Mrs. Bowers's claim against Mr. Torres presents a more difficult matter. Mrs. Bowers filed a state-law claim against Mr. Torres for loss of consortium as a result of the accident. (See Docket Entry 1-1, ¶¶ 51-52.) "A federal court, sitting in North Carolina in a diversity case, must apply the law as announced by the highest court of that state or, if the law is unclear, as it appears the highest court of that state would rule." Brendle v. General Tire & Rubber Co., 505 F.2d 243, 245 (4th Cir. 1974). "In doing so, the [C]ourt may consider cases from the Supreme Court of North Carolina, the North Carolina Court of Appeals, treatises, and the practices of other states." Yarbrough v. East Wake First Charter Sch., 108 F. Supp. 3d 331, 336 (E.D.N.C. 2015). The Court must therefore apply North Carolina law governing loss of consortium in analyzing Mrs. Bowers's claim.

Mrs. Bowers did not enter into the Covenant not to Enforce (see Docket Entry 1-2), but state courts differ as to whether an injured party's settlement with a tortfeasor bars the party's spouse from bringing a loss of consortium claim. Compare, e.g., Pugh v. Super Fresh Food Mkts., Inc., 640 F. Supp. 1306, 1308 (E.D. Pa. 1986) ("[P]laintiff-husband's claims are derivative of his wife's and thus extinguished by his wife's settlement."), with Martin v. Ohio Cty. Hosp. Corp., 295 S.W.3d 104, 109 (Ky. 2009) ("A loss of consortium action can continue even when the injured spouse or the estate has settled or otherwise been excluded from an action . . . ."). Neither the North Carolina Supreme Court nor the North Carolina Court of Appeals has squarely addressed this issue.

Nonetheless, in looking to "treatises, and the practices of other states," Yarbrough, 108 F. Supp. 3d at 336, it appears that state courts that treat loss of consortium as a derivative claim also hold that settlements with tortfeasors prevent spouses from bringing loss of consortium claims. See, e.g., Pugh, 640 F. Supp. at 1308; Hall v. Gardens Servs., Inc., 332 S.E.2d 3, 5, 174 Ga. App. 856, 857 (1985) ("Since the right of the husband to recover for consortium is dependent upon the right of the wife to recover, and since on the record before us she cannot recover [because she signed a liability waiver], he likewise cannot recover."); see also 41 Am. Jur. 2d Husband and Wife § 214 (2d ed. 2017) ("In jurisdictions where the action for loss of consortium is seen as

-7-

purely derivative of the original cause of action, the action for loss of consortium is also barred once the original cause of action is released."). The law of North Carolina treats loss of consortium claims as derivative. See Trivette v. Yount, 735 S.E.2d 306, 313, 366 N.C. 303, 313 (2012) ("[T]he loss of consortium claim of [the plaintiff's spouse] is derivative of [the] plaintiff's negligence claim . . . .") (citing Nicholson v. Hugh Chatham Mem'l Hosp., Inc., 266 S.E.2d 818, 823, 300 N.C. 295, 304 (1980)). Accordingly, the Supreme Court of North Carolina would likely rule that an injured party's agreement not to sue a tortfeasor would defeat an accompanying loss of consortium claim by that party's spouse as well. Mrs. Bowers therefore does not possess an independent loss of consortium claim against Mr. Torres, and he thus faces no financial liability to her. As such, Mr. Torres qualifies as a nominal party as to both Plaintiffs.

## II. Whether Mr. Torres Should Be Dropped Under Rule 21

Pursuant to Rule 21, "[o]n motion or on its own, the [C]ourt may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "Courts frequently employ Rule 21 to preserve diversity jurisdiction over a case by dropping a nondiverse party if the party's presence in the action is not required under Rule 19." 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1685 (3d ed. 2017). However, courts may also dismiss a nondiverse party pursuant to Rule 21 even when a court would

retain diversity jurisdiction, because the nondiverse party qualifies as nominal. See, e.g., Payroll Mgmt., Inc. v. Lexington Ins. Co., 815 F.3d 1293, 1298 (11th Cir. 2016) (upholding the district court's dismissal of a nondiverse defendant as a nominal party pursuant to Rule 21). "[P]arties whose presence is not essential under Rule 19 may be dropped . . . ." Caperton v. Beatrice Pocahontas Coal Co., 585 F.2d 683, 691 (4th Cir. 1978). A party qualifies as non-essential under Rule 19 "if it is not necessary for the plaintiff to sue that party in order to recover." Linnin v. Michielsens, 372 F. Supp. 2d 811, 826 (E.D. Va. 2005). As discussed previously, Plaintiffs cannot recover from Mr. Torres by virtue of the Covenant not to Enforce. Therefore, because "it is not necessary for . . . [P]laintiff[s] to sue [Mr. Torres] in order to recover," id., the Court may drop him as a party pursuant to Rule 21.

## CONCLUSION

The Covenant not to Enforce relieves Mr. Torres from financial liability in this action. As such, he qualifies as nominal and dispensable.

**IT IS THEREFORE RECOMMENDED** that State Farm's Motion to Dismiss Defendant Bryan Torres (Docket Entry 11) be granted.

This 14th day of December, 2017.

>             /s/ L. Patrick Auld
>            **L. Patrick Auld**
>     **United States Magistrate Judge**